| | |
|---|---|
| H. RICHARD AUSTIN,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    **ORDER** |
| | ) |
| DOUGLAS G. PETERSON &<br>ASSOCIATES, INC., STEPHEN W.<br>HOUGHTON, and JIMMY PAU,<br>      Defendant. | )<br>)<br>)<br>)<br>) |

This cause comes before the Court on defendants Douglas G. Peterson & Associates and Stephen W. Houghton's motion to dismiss. Plaintiff, proceeding in this matter pro se, has responded and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is granted.

## BACKGROUND

Plaintiff filed this action, which allegedly concerns a longstanding injustice which warrants the intervention of equity, pursuant to Federal Rule of Civil Procedure 60(d). This is one of numerous actions brought by plaintiff arising out of a fire that destroyed plaintiff's home in Vermont in 1993. Plaintiff filed the first action in the District of Vermont against the Hanover Insurance Company seeking to recover proceeds from his homeowners insurance policy for the home destroyed by fire. Plaintiff further alleged that in failing to pay him his insurer had acted in bad faith. Following a trial, the jury rendered a verdict in favor of plaintiff's insurer and against plaintiff. *Austin v. Hanover Insur. Co.*, 165 F.3d 13 (2nd Cir. 1998) (unpublished). During the trial, plaintiff identified as an issue of fact to be decided by the jury whether a "mass

spectrometer/gas chromatograph tests at the Mercury Research Lab in North Carolina in the early morning of November 25, 1993 were actually performed on samples taken from the [plaintiff's] firesite on the afternoon of November 24, 1993, or only a few hours earlier." Def's. Ex. A.

Following the jury verdict, the Second Circuit affirmed the judgment. 165 F.3d 13 (unpublished). Plaintiff then filed two requests for relief from judgment in District of Vermont, both of which were denied and plaintiff's appeals of which were unsuccessful. Def's Ex. C; 14 Fed. App'x 109 (2nd Cir. 2001)(unpublished). Plaintiff's petitions for certiorari to the United States Supreme Court were also denied. Plaintiff then filed suit in the District of Vermont against his insurer's attorneys and consultants, including defendants in this action Douglas G. Peterson & Associates and Stephen W. Houghton, wherein plaintiff claimed that defendants had engaged in a conspiracy to defraud him in his jury case against his insurer. That action was dismissed as barred by the doctrines of res judicata and non-mutual collateral estoppel. This decision was affirmed by the Second Circuit on appeal, and review was denied by the United States Supreme Court. *Austin v. Downs, Rachlin & Martin*, 114 Fed App'x 21 (2nd Cir. 2004) (unpublished); 544 U.S. 961 (2005). In its decision, the court of appeals held that plaintiff was barred from bringing a claim seeking to relitigate the validity of scientific evidence by styling the claim as one for fraud and fabrication of evidence; plaintiff had had a full and fair opportunity to litigate the issue at trial and the jury's determination of the issue precluded plaintiff from bringing an action against parties who were not party to the original suit.

Plaintiff next filed an action in the District of Massachusetts seeking relief under Rule 60(d)(1) of the Federal Rules of Civil Procedure. 08-CV-30128-MAP (D. Mass). The District of Massachusetts court dismissed plaintiff's action, and the First Circuit affirmed the dismissal.

2

2008 WL 5070612; *Austin v. Douglas G. Peterson & Assoc.*, No. 09-1099 (1st Cir. November 10, 2009). The First Circuit admonished plaintiff for bringing duplicative lawsuits and noted that defendants "have been repeatedly haled into court and forced to defend against baseless litigation, engaging the judicial resources of the federal district and circuit courts . . .." *Id.*

Plaintiff then filed a complaint against Douglas Peterson & Associates, Stephen Houghton, and Jimmy Pau in this district. No. 5:11-CV-373-BR. The Court found that the districts of Massachusetts and Vermont had previously addressed the matters raised by plaintiff and dismissed the complaint. *Id.* at DE 20, December 1, 2011. The Fourth Circuit affirmed this Court's dismissal. 466 Fed. App'x 293 (4th Cir. 2012) (unpublished).

## DISCUSSION

Defendants seek to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted because plaintiff's claims are barred by the doctrine of collateral estoppel and for improper venue. Fed. R. Civ. P. 12(b)(3);(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, *Papasan v. Attain*, 478 U.S. 265, 283 (1986), and when acting on a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). Thus, "once a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in

3

subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007).

The Second Circuit has previously held that an action against these defendants arising out of the issues previously litigated and resolved during plaintiff's jury trial is barred by the doctrine of non-mutual collateral estoppel. *Austin v. Downs, Rachlin & Martin*, 114 Fed App'x 21 (2nd Cir. 2004) (unpublished). As discussed above, every court to have considered the issues raised by plaintiff relating to fraud and collusion regarding the scientific evidence presented at his jury trial against his insurer has found the claims to be precluded by the doctrines of res judicata and or collateral estoppel. *See e.g.* 2003 WL 23273466 *2 (D. Vt. Nov. 3, 2003) (claims against defendants Douglas G. Peterson & Associates, Houghton, and Pau dismissed as barred by res judicata and collateral estoppel); 2008 WL 5070612 *1 (D. Mass. Nov. 18, 2008) (plaintiff's claims against defendants Douglas G. Peterson & Associates and Houghton not permitted by Rule 60 and barred by doctrine of res judicata).

Plaintiff has raised the same issues in the instant complaint, and the Court finds no basis upon which to hold that plaintiff does not remain precluded from relitigating these matters. Thus, defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted. Further, though defendant Pau has not yet appeared in this action, the Court considers the preclusion defense by him *sua sponte* in order to avoid unnecessary judicial waste. *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Austin v. Douglas G. Peterson & Associates*, No. 5:11-CV-373-BR (E.D.N.C. December 1, 2011) (applying preclusion defense to defendant Pau in identical action brought by plaintiff though Pau had not yet appeared) *aff'd*, 466 Fed. App'x 293 (4th Cir. 2012). As the same preclusion

defenses apply, the Court finds that plaintiff's complaint fails to state a claim upon which relief can be granted as to defendant Pau.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 8] is GRANTED and this action is DIMISSED IN ITS ENTIRETY against all defendants WITH PREJUDICE. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this __9__ day of May, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE